IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    **Case No. 10-40108-01-RDR**

AMIE ARD,

        Defendant.

## MEMORANDUM AND ORDER

This case is before the court upon pretrial motions filed by defendant and the government. Three motions relate to discovery or notice of evidence. Doc. Nos. 20, 21 and 28. It appears to the court that these motions are unopposed. The court shall consider the motions to be moot unless notified by the parties that there is a disagreement requiring a court decision.

Defendant has filed a motion to dismiss Counts 13 and 14 of the Indictment. Doc. No. 23. In reply to the government's opposition to the motion to dismiss, defendant has suggested that the government should be required to provide a bill of particulars. At the hearing upon this matter, the government opposed that suggestion. The court has considered the written and oral arguments relating to the motion to dismiss and request for a bill of particulars. The court shall deny the motion to dismiss, but direct that a bill of particulars be given.

There is a fourteen-count indictment in this case. The first

twelve counts allege that defendant took money from the Wood Oil Company by means of false pretenses, representations and omissions of material fact in violation of the wire fraud statute, 18 U.S.C. § 1343. Counts 13 and 14 allege that defendant violated 18 U.S.C. § 1957 by using the unlawfully derived property described in the previous counts to purchase two vehicles. Specifically, each count alleges that defendant:

> knowingly engaged . . . in monetary transactions affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from . . . wire fraud ...

Count 13 references the purchase of a 2005 Chevrolet Avalanche with $15,000 cash. Count 14 references the purchase of a 1997 Corvette with $20,000 cash. Neither count identifies the seller of the vehicle. By and large, Counts 13 and 14 use the language of § 1957 to allege a violation of the statute.[1]

Section 1957 defines "monetary transaction" as requiring the involvement of a "financial institution" as defined in 18 U.S.C. § 1956.[2] Section 1956 defines "financial institution" as including

---

[1] Section 1957(a) provides:
> Whoever, . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished . . .

[2] Section 1957(f)(1) provides:
> the term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (as defined

2

"any financial institution, as defined in section 5312(a)(2) of title 31, United States Code, or the regulations promulgated thereunder." 18 U.S.C. § 1956(c)(6). It is sufficient to say that the definition of "financial institution" in § 5312(a)(2) covers a broad array of institutions, including businesses engaged in vehicle sales.

Defendant argues that the Indictment does not make clear that the alleged transactions involved a "business" engaged in vehicle sales, as opposed to a person-to-person sale. Defendant contends that this has implications for the court's jurisdiction (whether interstate commerce was affected) as well as whether the Indictment properly states a violation of § 1957.

In response, the government argues that the Indictment is not deficient. According to the government, Counts 13 and 14 of the Indictment allege the elements of a § 1957 violation using the language of the statute, which is generally sufficient. The government has not chosen to clarify how it intends to prove that a "financial institution" and therefore a "monetary transaction" as described in § 1957 was involved in the alleged car purchases.

The standards for judging the sufficiency of an indictment are recounted in U.S. v. Redcorn, 528 F.3d 727, 733 (10th Cir. 2008):

"'An indictment is sufficient if it sets forth the

---

in section 1956(c)(5) of this title) by, through, or to a financial institution (as defined in section 1956 of this title) . . .

3

elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.'" United States v. Chisum, 502 F.3d 1237, 1244 (10th Cir.2007) (quoting United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)). "'[I]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" United States v. Hathaway, 318 F.3d 1001, 1009 (10th Cir. 2003) (quoting Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it "need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978)).

Defendant alleges that the Indictment is deficient because it fails to allege the necessary element of "by, through, or to a financial institution." Of course, those words are taken from the statutory definition of "monetary transaction." The government does allege "monetary transactions" explicitly in the Indictment. We believe the Indictment's allegations are sufficient because "monetary transaction" may be considered a legal term of art which incorporates the element of the involvement of a "financial institution." See U.S. v. Kovach, 208 F.3d 1215, 1219 (10th Cir. 2000) (allegation of "organization" as defined in 18 U.S.C. § 513 is a legal term of art which expressly incorporates the interstate commerce element of the statute and gives a defendant notice of the charge against him even if the component parts of the statutory

4

definition of "organization" are not specifically alleged in the indictment); see also U.S. v. Burgos, 254 F.3d 8, 11 (1st Cir.) cert. denied, 534 U.S. 1010 (2001)(allegation of "financial transaction" sufficiently states the interstate commerce element of a § 1956 violation because the statutory definition of "financial transaction" contains that element); U.S. v. Abdi, 498 F.Supp.2d 1048, 1066 (S.D.Ohio 2007)(government need not allege the entire statutory definition of "international terrorism" in an indictment alleging a violation of 18 U.S.C. § 1546 to facilitate "international terrorism" as defined in 18 U.S.C. § 2331).

Defendant proceeds to argue that if the court finds the Indictment sufficient on its face, then the allegations are insufficient to establish jurisdiction under the Commerce Clause. Defendant bases this argument upon a prediction of what the evidence will be. Defendant asserts that the government's evidence will be that there were two cash transactions, using criminal proceeds, between private individuals within the State of Kansas. However, defendant concedes this is a question of sufficiency of the evidence. Normally, these questions cannot be decided upon the face of the Indictment and thus far the record does not establish what the evidence as to interstate commerce will be. Therefore, the court will reject this argument for dismissal.

Defendant's final argument for dismissal also asks the court to assume what is at this point a hypothetical set of facts and

determine that it would be unconstitutional if Congress extended § 1957 to those speculative facts. It would be improper for the court to do that on this record and under the circumstances which presently exist in this case. Cf., U.S. v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994) (while not generally done, pretrial dismissal under Rule 12(b) based on insufficiency of the evidence is possible where the underlying facts are essentially undisputed and the government has failed to object to the district court's resort to evidence beyond the four corners of the indictment).

So, the court shall deny defendant's motion to dismiss Counts 13 and 14 and shall proceed to discuss defendant's alternative request for a bill of particulars.

"'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" U.S. v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(quoting U.S. v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). "[T]he defendant is 'not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.'" Id. at 1030 (quoting U.S. v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979)). The court has broad discretion in deciding whether to grant a bill of particulars. Id. at 1029. If substantial discovery is produced by the government, a bill of

particulars will often be unnecessary.  See <u>U.S. v. Sturmoski</u>, 971 F.2d 452, 460 (10th Cir. 1992); <u>U.S. v. Daniels</u>, 95 F.Supp.2d 1160, 1166 (D.Kan. 2000); <u>U.S. v. Villota-Gomez</u>, 994 F.Supp. 1322, 1336 (D.Kan. 1998).

This court has seldom granted a bill of particulars in a full discovery case, such as the case at bar.  But, the court believes a bill of particulars is proper in this instance.  Defendant is seeking information regarding the charges which will allow her to prepare her defense regarding Counts 13 and 14.  This information is relevant to the government's theory of prosecution on those counts.  It is not clear from the Indictment what the government's theory is regarding how defendant's conduct satisfied the statutory definition of "monetary transaction" and the interstate commerce element of the statute.  Apparently, the discovery provided by the government has not clarified the government's theory either.

It is possible that granting a bill of particulars will lead to a more careful and efficient means of resolving the legal issues surrounding Counts 13 and 14.  As the court has just noted with reference to the <u>Hall</u> case, generally the sufficiency of an indictment is not determined by reference to facts alleged outside the indictment.  But, as noted in <u>Hall</u>, there are exceptions to this rule.

This was discussed further by the Tenth Circuit recently in <u>U.S. v. Pope</u>, 613 F.3d 1255, 1258 (10th Cir. 2010).  There, the

Tenth Circuit recognized that "[t]he Federal Rules of Criminal Procedure encourage the pretrial resolution of a number of important, and even some potentially dispositive, matters." Id. The court noted that in some rare cases pretrial dismissal may be considered on the basis of extra-indictment evidence which is "undisputed in the sense that it is agreed to by the parties-- neither side having expressed any objection to its consideration or any objection to its completeness and accuracy." Id. at 1261.

It appears to the court that a bill of particulars may allow defendant to present a defense to Counts 13 and 14 which could be considered prior to trial. A pretrial resolution of the matter could possibly avoid the time and expense of litigating those counts during a trial and provide an opportunity to decide the legal issues with the benefits of full briefing and argument, without the time pressure of a jury trial. In other words, if the facts are truly undisputed, then it might be preferable to decide the dispute prior to trial rather than at the close of the government's evidence at trial while a jury is waiting. As noted in Pope, this would be in accord with the spirit of the Federal Rules of Criminal Procedure.

The court is well aware of the normal practice with regard to motions for a bill of particulars. The court believes the circumstances of this Indictment are such that it is proper to exercise the court's discretion to grant the request in this case.

Therefore, the court shall direct the government to identify the "financial institution" involved in the "monetary transactions" alleged in Counts 13 and 14.

In addition, if it is necessary to the ultimate resolution of this case that the court decide the legal issues defendant has attempted to raise regarding Counts 13 and 14, and if that can be done on the basis of undisputed facts, the court would encourage both sides to agree upon a framework for a pretrial resolution of those issues.

In conclusion, defendant's motion to dismiss is denied, but defendant's request for a bill of particulars shall be granted. The remaining motions are considered moot.

**IT IS SO ORDERED.**

Dated this 18th day of February, 2011 at Topeka, Kansas.

                                       s/Richard D. Rogers
                                       United States District Judge